18SL-AC28523

Electronically Filed - St Louis County - October 01, 2018 - 02:44 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

KENYATTA MOSLEY,

Plaintiff,

v.

CHAPS, INC. d/b/a Rainbow Shops,
Serve at:
CT Corporation System
67 Burnside, Ave.
East Hartford, CT 06108

Defendant.

Cause No.

Division

**JURY TRIAL DEMANDED**

**PETITION**

COMES NOW Plaintiff Kenyatta Mosley ("Plaintiff"), by and through her undersigned counsel, and for her Petition states as follows:

**INTRODUCTION**

1.      This is an action for intentional violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), Missouri's Minimum Wage Law, Mo. Rev. Stat. § 290.505 et seq. ("MMWL") and failure to provide Plaintiff's final paycheck in contravention of Mo. Rev. Stat. § 290.110.

2.      Plaintiff demands a trial by jury on all issues so triable

**EXHIBIT A**

Electronically Filed - St Louis County - October 01, 2018 - 02:44 PM

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of all claims, as Defendant Chaps, Inc. d/b/a Rainbow

Shops ("Defendant") withheld wages from Plaintiff, a resident of Missouri, for her work at

Defendant's business in Florissant, Missouri from approximately August 2018 to present.

4.      The illicit withholding of compensation from Plaintiff thus damaged Plaintiff in

Missouri.

## PARTIES

5.      Plaintiff is a natural person currently residing in Missouri.

6.      Defendant is a foreign corporation doing business in Missouri.

7.      From approximately August 2018 to approximately September 7 2018, Plaintiff

was employed by Defendant.

8.      At all times relevant, Plaintiff's job duties were strictly those of a part-time hourly

employee, as Plaintiff was a cashier.

9.      Defendant was solely responsible for paying Plaintiff for the work that Plaintiff

performed.

10.     Defendant had day-to-day control over the premises and equipment used for

Plaintiff's work.

11.     Defendant controlled all aspects of Plaintiff's job description, duties, and

day-to-day tasks while Plaintiff worked for them.

12.     Defendant had the sole authority to hire or fire Plaintiff.

13.     Defendant set Plaintiff's work schedule and rate and method of payment.

Electronically Filed - St Louis County - October 01, 2018 - 02:44 PM

14.     Defendant reviewed and controlled Plaintiff's employment records, including all records pertaining to the rate of pay, compensation, and hours worked.

15.     Defendant provided Plaintiff with all of the tools and equipment necessary to perform her job functions.  This equipment consisted of a register and telephone.

16.     Defendant made the decisions about whether to pay Plaintiff for the work Plaintiff performed for the benefit of Defendant.

17.     At all times relevant, Defendant was Plaintiff's employer within the meaning of Mo. Rev. Stat. § 290.500(4) and 29 U.S.C. § 203(d).

18.     At all times relevant, Plaintiff was Defendant's employee within the meaning of Mo. Rev. Stat. § 290.500(3) and 29 U.S.C. § 203(e)

## FACTS

19.     At all times relevant, Defendant had an agreement with Plaintiff, whereby Plaintiff would work as a part-time sales associate for Defendant.

20.     In exchange for Plaintiff's labor, Defendant agreed to compensate Plaintiff at a set hourly rate per hour at $8.75 for the worked hours each seven-day period.

21.     Defendant employed Plaintiff from August 2018 through approximately September 7, 2018.

22.     Plaintiff's set hourly rate for regular hours was $8.75.

23.     At all times relevant, Defendant promised it would pay Plaintiff every Friday. Typically, paychecks were delivered to employees at the beginning of their shift.

3

Electronically Filed - St Louis County - October 01, 2018 - 02:44 PM

24.     On or about Friday, September 7, 2018, Plaintiff clocked in for her shift and noticed there was no paycheck ready for her.

25.     On Friday, September 7, 2018, Defendant was required to pay Plaintiff for her work from August 27, 2018 through September 1, 2018.

26.     Plaintiff, a low-wage worker, was depending on getting her paycheck on time as Defendant promised.

27.     Defendant did not have enough gas to make it home from work that day without getting a paycheck.

28.     Thus, Plaintiff asked about whether she would be able to get her paycheck that day as scheduled.

29.     Defendant told Plaintiff that paychecks were not ready but that Defendant would look into the matter.

30.     Later in the day, Defendant told Plaintiff that she would not be getting her paycheck that day.  Defendant was not sure when it could deliver Plaintiff's paycheck.

31.     On or about September 7, 2018, while Plaintiff was still employed by Defendant, Plaintiff then raised a complaint about not receiving her paycheck on time.

32.     On or about September 7, 2018, Defendant terminated Plaintiff because Plaintiff complained about not receiving her paycheck.  Defendant expressly told Plaintiff that it was firing her for complaining about non-payment of wages.

33.     Defendant terminated Plaintiff due to Plaintiff exercising her rights under FLSA.

4

Electronically Filed - St Louis County - October 01, 2018 - 02:44 PM

34.     On or about September 12, 2018, Plaintiff received the paycheck that was due to her on September 7, 2018.

35.     This paycheck improperly withheld payment for at least one hour Plaintiff worked on September 1, 2018.

36.     Even after receiving this paycheck, Defendant owed Plaintiff a final paycheck for the hours she worked from September 2, 2018 through September 7, 2018.

37.     On September 14, 2018, Defendant was supposed to provide Plaintiff's final paycheck to her.

38.     Plaintiff never received a paycheck for the hours she worked from September 2, 2018 through September 7, 2018.

39.     Plaintiff did not receive her final paycheck, and immediately demanded verbally for Defendant to provide her with her final paycheck.

40.     Defendant refused to give Plaintiff her last paycheck.

41.     On September 28, 2018, Plaintiff, via certified mail, sent an additional writing to Defendant requesting her final paycheck.

42.     Defendant failed to provide Plaintiff with her final paycheck whatsoever, and Defendant continues to owe Plaintiff as a result.

43.     Further, Defendant paid Plaintiff less than minimum wage per standard hour because Defendant failed to pay Plaintiff at all for a substantial amount of hours worked as set forth above.

Electronically Filed - St Louis County - October 01, 2018 - 02:44 PM

44.    As a result of Defendant's failure to provide Plaintiff with her final paycheck, Plaintiff has been damaged in that she has lost income and has suffered duress, hardship, and frustration; in addition, Plaintiff had to arrange for a loan to pay for gasoline so that she could return home on September 7, 2018 and became indebted for that loan.

## COUNT I - FLSA

45.    Plaintiff incorporates, by reference, all prior paragraphs as if fully stated herein.

46.    Defendant did not pay Plaintiff minimum wage, as required by 29 U.S.C. § 206(a)(1).

47.    Defendant's violations of 29 U.S.C. § 206(a)(1) were willful because Defendant showed reckless disregard for the matter of whether its conduct was prohibited by FLSA.

48.    Alternatively, Defendant's violations of 29 U.S.C. § 206(a)(1) were willful because Defendant knew that its conduct was prohibited by FLSA.

49.    Pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff for the full amount of the wages that it failed to pay Plaintiff, in addition to an equal amount as liquidated damages.

50.    Defendant is liable to pay Plaintiff's attorneys' fees and costs.

51.    Defendant's failure to pay Plaintiff in accordance with the FLSA has damaged Plaintiff, such that Plaintiff has suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of Defendant's actions set forth herein.

52.    Pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff for legal and equitable relief as may be appropriate, including: employment, reinstatement, promotion, front

Electronically Filed - St Louis County - October 01, 2018 - 02:44 PM

pay, compensatory damages, including compensatory damages for mental anguish and emotional distress, prejudgment interest, and punitive damages.

53.    Defendant's wrongful discharge of Plaintiff has damaged Plaintiff, such that Plaintiff has suffered anxiety, frustration, and worry, a substantial loss of money, and has had to expend significant court costs and attorneys' fees as a result of Defendant's actions set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award Plaintiff double the amount of unpaid regular wages, the full amount of her consequential damages, employment, reinstatement, promotion, front pay, compensatory damages, punitive damages, prejudgment interest, and remit court costs, attorneys' fees, and all other and further relief that the Court deems just and proper.

## COUNT II - WRONGFUL TERMINATION IN VIOLATION OF FLSA

54.    Plaintiff incorporates, by reference, all prior paragraphs as if fully stated herein.

55.    As a result of Plaintiff complaining about the nonpayment of wages, Defendant terminated Plaintiff.

56.    Alternatively, Plaintiff's complaining about the nonpayment of wages was a motivating factor in Defendant's decision to terminate Plaintiff.

57.    In violation of 29 U.S.C. § 215(a), Defendant discharged Plaintiff because she exercised her rights under FLSA.

58.    Defendant's violations of 29 U.S.C. § 215(a)(3) were willful because Defendant showed reckless disregard for the matter of whether its conduct was prohibited by FLSA.

7

Electronically Filed - St Louis County - October 01, 2018 - 02:44 PM

59.     Alternatively, Defendant's violations of  29 U.S.C. § 215(a)(3) were willful because Defendant knew that its conduct was prohibited by FLSA.

60.     Pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff for the full amount of the wages that it failed to pay Plaintiff, in addition to an equal amount as liquidated damages.

61.     Defendant is liable to pay Plaintiff's attorneys' fees and costs.

62.     Defendant's failure to pay Plaintiff in accordance with the FLSA has damaged Plaintiff, such that Plaintiff has suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of Defendant's actions set forth herein.

63.     Pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff for legal and equitable relief as may be appropriate, including: employment, reinstatement, promotion, front pay, compensatory damages, including compensatory damages for mental anguish and emotional distress, prejudgment interest, and punitive damages.

64.     Defendant's wrongful discharge of Plaintiff has damaged Plaintiff, such that Plaintiff has suffered anxiety, frustration, and worry, a substantial loss of money, and has had to expend significant court costs and attorneys' fees as a result of Defendant's actions set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award Plaintiff double the amount of unpaid regular wages, the full amount of her consequential damages, employment, reinstatement, promotion, front pay, compensatory damages, punitive damages, prejudgment interest, and remit court costs, attorneys' fees, and all other and further relief that the Court deems just and proper.

Electronically Filed - St Louis County - October 01, 2018 - 02:44 PM

## COUNT III - MMWL and § 290.110

65.     Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

66.     In violation of Mo. Rev. Stat. § 290.505(1), Defendant refused to pay Plaintiff whatsoever for at least the regular hours she worked from approximately September 2, 2018 through September 7, 2018 and also refused to pay Plaintiff for some of the regular hours she worked on September 1, 2018.

67.     Defendant is liable to Plaintiff for the full amount of the regular time wages they failed to pay Plaintiff in addition to an equal amount as liquidated damages.

68.     Defendant is liable to Plaintiff for the contract rate of her wages, $8.75 per hour for 19.5 hours each week, for a period of sixty days after the end of Plaintiff's employment because Defendant has refused to provide Plaintiff's last paycheck to her, despite receiving written notice that Plaintiff demanded this check in accordance with Mo. Rev. Stat. § 290.110.

69.     Defendant is liable to pay Plaintiff's attorney's fees and costs.

70.     Defendant's actions set forth above damaged Plaintiff such that she suffered a substantial loss of money and has had to expend significant court costs and attorneys' fees as a result of Defendant's actions set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and award her damages consisting of actual damages, compensatory damages, nominal damages, punitive damages, double the amount of unpaid regular time wages, and remit court costs, attorneys' fees and all other and further relief that the Court deems just and proper.

Electronically Filed - St Louis County - October 01, 2018 - 02:44 PM

**Ross & Voytas, LLC**

/s/ Richard A. Voytas, Jr.

_____
Richard A. Voytas, Jr, #52046
rick@rossvoytas.com
Ethan W. Gee, #70075
ethan@rossvoytas.com
Erika V. Dopuch, #70031
erika@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorneys for Plaintiff

Electronically Filed - St Louis County - October 19, 2018 - 03:57 PM

**In the**

# CIRCUIT COURT

## Of St. Louis County, Missouri

⌐                           For File Stamp Only    ¬

October 19, 2018
Date

_KENYATTA MOSLEY_
Plaintiff/Petitioner

_____
Case Number

vs.

_____
Division

_CHAPS, INC. d/b/a Rainbow Shops_
Defendant/Respondent

∟                                             ⌐

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now  _KENYATTA MOSLEY_____, pursuant
              Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Christine Foran_          67 Burnside Ave, East Hartford, CT 06108          (860) 528- 2920
Name of Process Server          Address                                    Telephone

_____     _____          _____
Name of Process Server          Address or in the Alternative               Telephone

_____     _____          _____
Name of Process Server          Address or in the Alternative               Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                    SERVE:
_CT Corporation System_____            _____
Name                                      Name
_67 Burnside, Ave._____            _____
Address                                   Address
_East Hartford, CT 06108_____            _____
City/State/Zip                            City/State/Zip

SERVE:                                    SERVE:
_____                   _____
Name                                      Name
_____                   _____
Address                                   Address
_____                   _____
City/State/Zip                            City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk               _/s/ Richard A. Voytas, Jr._____
                                              Signature of Attorney/Plaintiff/Petitioner
                                              _52046_____
                                              Bar No.
By _____                    _12444 Powerscourt Dr. Ste. 370 St. Louis, MO 63131_
    Deputy Clerk                              Address
                                              _(314) 394-0605_____
_____                       Phone No.                        Fax No.
Date

Electronically Filed - St Louis County - October 19, 2018 - 03:57 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

⌐ For File Stamp Only ¬

October 19, 2018
Date

_KENYATTA MOSLEY_
Plaintiff/Petitioner

_____
Case Number

vs.

_____
Division

_CHAPS, INC. d/b/a Rainbow Shops_
Defendant/Respondent

└ ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  _KENYATTA MOSLEY_____, pursuant
                Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Christine Foran_____ 67 Burnside Ave, East Hartford, CT 06108____ (860) 528- 2920
Name of Process Server       Address       Telephone

_____
Name of Process Server       Address or in the Alternative       Telephone

_____
Name of Process Server       Address or in the Alternative       Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                 SERVE:
_CT Corporation System_____         _____
Name                                  Name
_67 Burnside, Ave._____        _____
Address                                Address
_East Hartford, CT 06108_____       _____
City/State/Zip                              City/State/Zip

SERVE:                                 SERVE:
_____          _____
Name                                  Name
_____          _____
Address                                Address
_____          _____
City/State/Zip                              City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk      _/s/ Richard A. Voytas, Jr._____
                                          Signature of Attorney/Plaintiff/Petitioner
                                          _52046_____
By _____ _/s/Adam Dockery_____    Bar No.
        Deputy Clerk                      _12444 Powerscourt Dr. Ste. 370 St. Louis, MO 63131
                                          Address
                    _11/1/18_____      _(314) 394-0605_____
Date                                             Phone No.                   Fax No.

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
105 SOUTH CENTRAL AVENUE
CLAYTON, MISSOURI  63105

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 18SL-AC28523            COURT DATE:
PLAINTIFF: KENYATTA MOSLEY           COURT TIME:
DEFENDANT: CHAPS, INC.,              DIVISION:  41W

### DISMISSAL NOTICE

Your petition/pleading(s) have been accepted but no summons or notice can be issued based on the pleadings filed by the party initiating the above referenced case.  Corrective pleadings are necessary.  The Court cannot proceed further at this time.  Please file corrective pleadings as follows:

**DISMISSAL NOTICE DUE TO MISSING SIGNATURE ON YOUR SPECIAL PROCESS SERVER FORM FILED. YOUR SPS FORM MUST BE SIGNED WITH A PHYSICAL SIGNATURE OR AN ELECTRONIC SIGNATURE. EXAMPLE OF A CORRECT ELECTRONIC SIGNATURE SHOWN BELOW.**
**/S/ (ATTY'S NAME)**
**PLEASE RE-FILE CORRECTLY WITHIN THE TIME PROVIDE. FAILURE TO DO SO WILL RESULT IN YOUR FILINGS WILL BE PROCESSED FOR DISMISSAL**

The party initiating this case must file pleadings that correct these insufficiencies within seven (7) business days of the date this *Dismissal Notice* is issued or this case will be dismissed for failure to prosecute with costs assessed to initiating party in accordance with Rule 77.01.  No extensions will be permitted unless otherwise ordered by the Court.

**Please return this memo with the corrected or new pleading.**

For additional information regarding this matter you may contact: ANDREA at: (314) 615-8439

JOAN GILMER, CIRCUIT CLERK





# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JUDY PREDDY DRAPER | **Case Number:  18SL-AC28523** |
| Plaintiff/Petitioner:<br>KENYATTA MOSLEY<br><br><div align="right">**vs.**</div> | Plaintiff's/Petitioner's Attorney/Address or<br>Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS Jr.<br>12444 POWERSCOURT DRIVE<br>SUITE 370<br>ST LOUIS, MO  63131<br>(314) 394-0605 |
| Defendant/Respondent:<br><br>CHAPS, INC.<br>DBA:  RAINBOW SHOPS | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>**05-DEC-2018 09:00 AM<br>RM. 287 NORTH, DIV 41W<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105** |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to:   CHAPS, INC.
                                         DBA:  RAINBOW SHOPS
**SERVE CT CORPORATION SYSTEM**
**67 BURNSIDE AVE**
**EAST HARTFORD, CT  06108**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

          You are summons to appear before this court on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached.  If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

          **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

_____11-1-18_____                         _____
                  **Date**                                                                      **Clerk**

Further Information:
AD

## Officer's or Server's Affidavit of Service

**Note to serving officer:**  Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
     Printed Name of Sheriff or Server                                     Signature of Sheriff or Server

**Subscribed and Sworn** before me this _____ (date).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                          ☐ the judge of the court of which affiant is an officer.
                          ☐ authorized to administer oaths in the state in which the affiant served the above summons.  (use for out-of-state officer)
                          ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

                          _____
                                     Signature and Title

| **Summons Fees, if applicable** | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ (_____ miles @ $ ._____ per mile) |
| **Total** | $ _____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
105 SOUTH CENTRAL AVENUE
CLAYTON, MISSOURI  63105 -1766

SPECIAL NEEDS: If you have special needs addressed
by the American With Disabilities Act, please notify the
Circuit Clerk's Office at 314/615-8029, Fax 314/615-
8739, or TTY 314/615-4567, at least three business
days in advance of the court proceeding.

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 18SL-AC28523          COURT DATE: 05-DEC-2018
PLAINTIFF: KENYATTA MOSLEY          COURT TIME:  09:00 AM
DEFENDANT:   CHAPS, INC.               RM. 287 NORTH, DIV 41

# ATTORNEY'S NOTICE

Your Affidavit of Service Return filed on Nov. 9, 2018 has been accepted, but we are unable to complete processing

because: The summons with the document ID needs to be attached with the affidavit as well in order to enter this into the system

Please Re-Submit:   a corrected document _x___    or a new document _____    so that we can complete our process.

PLEASE RETURN THIS NOTICE WITH YOUR CORRECTED DOCUMENT.

For additional information regarding this matter you may contact: Brooke at 314-615-8435.

JOAN GILMER, CIRCUIT CLERK     

**SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

18SL-AC28523          RM. 287 NORTH, DIV 41     NOVEMBER 9, 2018

Electronically Filed - St Louis County - November 09, 2018 - 01:00 PM

**STATE OF MISSOURI, IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS**



*196910*

**AFFIDAVIT OF SERVICE**

Index no : **18SL-AC28523**

**Kenyatta Mosley**

　　　　　Plaintiff(s),

vs.

**CHAPS, Inc. dba Rainbow Shops**

　　　　　Defendant(s).

_____/

**STATE OF CONNECTICUT**

　　　　　　　　　　**ss: East Hartford**

**HARTFORD COUNTY**

**Christine Foran**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On **11/05/2018** at **9:53 AM**, I served the within **Summons and Complaint** on **CHAPS, Inc. dba Rainbow Shops** at **c/o CT Corporation Systems, 67 Burnside Avenue, East Hartford, CT 06108** in the manner indicated below:

CORPORATE SERVICE: By delivering a true copy of each to **Gary Scappini, Manager** of the above named corporation. The undersigned asked the recipient if he/she is authorized to accept service on behalf of **CHAPS, Inc. dba Rainbow Shops**, and the recipient responded in the affirmative.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|------|--------------------|---------------|-----|--------|--------|
| Male | Caucasian | Brown/Gray | 60 | 6'1" | 205 |
| Other Features: | | | | | |

Sworn to and subscribed before me on
November 05, 2018
by an affiant who is personally known to
me or produced identification.

_____
NOTARY PUBLIC
My Commission Expires: 03/31/2023

X_____
Christine Foran
Connecticut Process Serving, LLC
67 Burnside Ave
East Hartford, CT 06108
888.528.2920
Atty File#:

Electronically Filed - St Louis County - November 13, 2018 - 04:26 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

KENYATTA MOSLEY,

     Plaintiff,

v.

CHAPS, INC. d/b/a Rainbow Shops,

     Defendant.

Case No. 18SL-AC28523

Division  41W

**NOTICE OF CORRECTED CERTIFICATE OF SERVICE**

COMES NOW, Plaintiff, by and through her undersigned counsel, and informs the Court that the date listed in the Certificate of Service contained in the undersigned's Entry of Appearance filed today contains an incorrect date. The date should have been listed as November 13, 2018.

The undersigned further certifies that a true and accurate copy of the Entry of Appearance that was filed in this case today was served by U.S. Mail, postage prepaid, this 13th day of November, 2018 to: Defendant CHAPS, INC. d/b/a Rainbow Shops, c/o CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108.

Electronically Filed - St Louis County - November 13, 2018 - 04:26 PM

Respectfully submitted,

**ROSS & VOYTAS, LLC**

/s/ Nathan E. Ross

_____

Richard A. Voytas, Jr, #52046
rick@rossvoytas.com
Nathan E. Ross, #51166
nate@rossvoytas.com
Ethan W. Gee, #70075
ethan@rossvoytas.com
Erika V. Dopuch, #70031
erika@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:     (636) 333-1212

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served by U.S. Mail, postage prepaid, this 13th day of November, 2018 to:

CHAPS, INC. d/b/a Rainbow Shops
c/o CT Corporation System
67 Burnside Avenue, East Hartford, CT 06108.

/s/ Nathan E. Ross

Electronically Filed - St Louis County - November 13, 2018 - 09:19 AM

**STATE OF MISSOURI, IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS**



*196910*

**AFFIDAVIT OF SERVICE**

Index no :**18SL-AC28523**

**Kenyatta Mosley**

        Plaintiff(s),

vs.

**CHAPS, Inc. dba Rainbow Shops**

        Defendant(s).

_____/

**STATE OF CONNECTICUT**

              **ss: East Hartford**

**HARTFORD COUNTY**

**Christine Foran**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On **11/05/2018** at **9:53 AM**, I served the within **Summons and Complaint** on **CHAPS, Inc. dba Rainbow Shops** at **c/o CT Corporation Systems, 67 Burnside Avenue, East Hartford, CT 06108** in the manner indicated below:

CORPORATE SERVICE: By delivering a true copy of each to **Gary Scappini, Manager** of the above named corporation. The undersigned asked the recipient if he/she is authorized to accept service on behalf of **CHAPS, Inc. dba Rainbow Shops**, and the recipient responded in the affirmative.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|-----|--------------------|--------------|-----|--------|--------|
| Male | Caucasian | Brown/Gray | 60 | 6'1" | 205 |
| Other Features: | | | | | |

Sworn to and subscribed before me on
November 05, 2018
by an affiant who is personally known to
me or produced identification.

X_____
Christine Foran
Connecticut Process Serving, LLC
67 Burnside Ave
East Hartford, CT 06108
888.528.2920
Atty File#:

_____
NOTARY PUBLIC
My Commission Expires: 03/31/2023

Electronically Filed - St Louis County - November 13, 2018 - 09:19 AM

| | |
|---|---|
| Judge or Division:<br>JUDY PREDDY DRAPER | Case Number:  18SL-AC28523 |
| Plaintiff/Petitioner:<br>KENYATTA MOSLEY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address or<br>Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS Jr.<br>12444 POWERSCOURT DRIVE<br>SUITE 370<br>ST LOUIS, MO  63131<br>(314) 394-0605 |
| Defendant/Respondent:<br>CHAPS, INC.<br>DBA:  RAINBOW SHOPS | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>05-DEC-2018 09:00 AM<br>RM. 287 NORTH, DIV 41W<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to:  CHAPS, INC.
                   DBA:  RAINBOW SHOPS
SERVE CT CORPORATION SYSTEM
67 BURNSIDE AVE
EAST HARTFORD, CT  06108

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summons to appear before this court on the date, time and location above, to answer the allegation in the petition filed by the above-named Plaintiff/Petitioner, a copy of which is attached.  If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

_____11-1-18_____
Date

_____
Clerk

Further Information:
AD

### Officer's or Server's Affidavit of Service

Note to serving officer:  Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _Process Server_ of _HARTFORD_ County, _CT_ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Gary Scappin_ (name) _Manager_ (title).
   ☐ other (describe) _____

Served at _c/o CT Corporation System, Reg Agent, 67 Burnside Ave, East Hartford_ (address)
in _CT_ County, _HARTFORD_ (state), on _11/5/18_ (date) at _9:53 AM_ (time).

_Christine L. Foran_
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn to before me this _12 th Nov, 2018_ (date).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☑ authorized to administer oaths in the state in which the affiant served the above summons.  (use for out-of-state officer)
   ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_Amy Chantry_
Signature and Title

AMY J. CHANTRY
NOTARY PUBLIC
My commission expires 3-31-2023

OSCA (7-09) SM70 (ASOS) *For Court Use Only:* Doc ID# 18-ASOS-1336   1 of 3  (18SL-AC28523) Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510, 517.041 RSMo

Electronically Filed - St Louis County - November 13, 2018 - 09:18 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

KENYATTA MOSLEY,

      Plaintiff,

v.

CHAPS, INC. d/b/a Rainbow Shops,

      Defendant.

Case No. 18SL-AC28523

Division  41W

**ENTRY OF APPEARANCE**

COME NOW Attorneys Nathan E. Ross, Ethan W. Gee, and Erika V. Dopuch of Ross & Voytas, LLC and hereby enter their appearance as counsel for plaintiff, Kenyatta Mosley.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

/s/ Nathan E. Ross
_____
Richard A. Voytas, Jr, #52046
rick@rossvoytas.com
Nathan E. Ross, #51166
nate@rossvoytas.com
Ethan W. Gee, #70075
ethan@rossvoytas.com
Erika V. Dopuch, #70031
erika@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorneys for Plaintiff

Electronically Filed - St Louis County - November 13, 2018 - 09:18 AM

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served by operation of the electronic filing system pursuant to Rule 103.08 and Court Operating Rule 27.01 this 12th day of November, 2018.

/s/ Nathan E. Ross