## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KENYATTA MOSLEY, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Case No. 4:18-cv-02027-NCC |
| CHAPS, INC. d/b/a RAINBOW SHOPS, | ) ) ) |
| *Defendant.* | ) ) |

## DEFENDANT'S ANSWER TO COMPLAINT[1]

Defendant, CHAPS, Inc. d/b/a Rainbow Shops, offers the following Answer and Affirmative Defenses in response to Plaintiff's Complaint.

## INTRODUCTION

1.  Defendant admits that Plaintiff's Complaint purports to assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.505, *et seq.*, and under Mo. Rev. Stat. § 290.110, *et seq.*, but denies any allegation or inference that it violated the foregoing statutes. Answering further, Defendant states that Paragraph 1 of Plaintiff's Complaint calls for a legal conclusion for which an answer is not required. To the extent an answer is required, Defendant denies the remaining inferences and allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.  Defendant states that Paragraph 2 of Plaintiff's Complaint calls for a legal conclusion for which an answer is not required. To the extent an answer is required, Defendant denies the allegations and inferences contained in Paragraph 2 of Plaintiff's Complaint.

---

[1] As Plaintiff's State Court Petition was removed to this Court on December 5, 2018, Federal Court nomenclature is utilized throughout.

1

## JURISDICTION AND VENUE

3. Defendant states that Paragraph 3 of Plaintiff's Complaint calls for a legal conclusion for which an answer is not required. To the extent an answer is required, Defendant denies the allegations and inferences contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

8. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same. Specifically, Defendant denies that it was Plaintiff's employer.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant states that Paragraph 17 of Plaintiff's Complaint calls for a legal conclusion for which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant states that Paragraph 18 of Plaintiff's Complaint calls for a legal conclusion for which an answer is not required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

**FACTS**

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

22. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same. Specifically, Defendant denies that it was Plaintiff's employer.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

24. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

27. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

## **COUNT I - FLSA**

45. Defendant realleges and incorporates by reference, as if fully restated herein, its answers to Paragraphs 1-44 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

WHEREFORE, Defendant submits that Count I of Plaintiff's Complaint fails to state a claim upon which relief may be granted, that she is not entitled to any of the relief sought thereunder and her claim should be dismissed with prejudice under FRCP 12(b)(6).

## **COUNT II – WRONGFUL TERMINATION IN VIOLATION OF FLSA**

54. Defendant realleges and incorporates by reference, as if fully restated herein, its answers to Paragraphs 1-53 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

WHEREFORE, Defendant submits that Count II of Plaintiff's Complaint fails to state a claim upon which relief may be granted, that she is not entitled to any of the relief sought thereunder and her claim should be dismissed with prejudice under FRCP 12(b)(6).

### COUNT III – MMWL and § 290.110

65. Defendant realleges and incorporates by reference, as if fully restated herein, its answers to Paragraphs 1-64 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint. Specifically, Defendant denies that it was Plaintiff's employer.

69. Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

WHEREFORE, Defendant submits that Count III of Plaintiff's Complaint fails to state a claim upon which relief may be granted, that she is not entitled to any of the relief sought thereunder and her claim should be dismissed with prejudice under FRCP 12(b)(6).

**AFFIRMATIVE DEFENSES**

1. Defendant denies each and every allegation and inference contained in Plaintiff's Complaint that has not been specifically admitted in the preceding paragraphs of this Answer.

2. This Court lacks subject matter jurisdiction to entertain the allegations contained within the Complaint.

3. The Complaint fails to state a claim upon which relief may be granted.

4. Plaintiff's Complaint fails to state a claim upon which relief can be granted because Defendant was not Plaintiff's employer. Defendant was never Plaintiff's employer, and therefore, all claims against it fail.

5. To the extent, if any, that the Complaint states a claim upon which relief may be granted, any such arguable claims stated are equitable in nature and/or dominated by equitable issues, such that the Complaint is not triable to a jury, but rather, must be tried in equity.

6. Plaintiff's claims are barred or reduced by her own acts or omissions.

7. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

8. Plaintiff's claims are barred by the doctrine of waiver and estoppel.

9. Plaintiff's prayer for attorney's fees, liquidated damages, reinstatement, front pay, pre-judgment interest, and other equitable remedies are not triable to a jury.

10. Plaintiff's claims are barred to the extent Plaintiff fails to satisfy all conditions precedent to a claim under the FLSA.

11. Even assuming, *arguendo*, but incorrectly, that Defendant was Plaintiff's employer, Plaintiff is not entitled to recover liquidated or exemplary damages, the existence of which damages Defendant specifically denies, as Plaintiff has not set forth and cannot set forth sufficient facts to support a claim for liquidated or exemplary damages.

12. Assuming falsely, but *arguendo*, that Defendant was Plaintiff's employer, Defendant acted in good faith and had reasonable grounds for belief that it acted properly with respect to its pay practices and in accordance with the FLSA and the MMWL, and had no reason to believe that its conduct was in violation of the FLSA, the MMWL, or any other obligations under federal or state law.

13. Assuming falsely, but *arguendo*, that Defendant was Plaintiff's employer and entered into an agreement for remuneration as alleged in the Complaint, enforcement of the agreement alleged in the Complaint is barred by the Statute of Frauds, MO. REV. STAT. § 432.010 (1978).

14. Assuming falsely, but *arguendo*, that Plaintiff is entitled to trial by jury, Defendant requests a bifurcated trial with respect to Plaintiff's prayer and allegations for the award of punitive and liquidated damages, pursuant to MO. REV. STAT. §  510.263.

15. Defendant reserves the right to amend its Answer and to add additional defenses as Plaintiff's claims are more fully disclosed in the course of this litigation.

WHEREFORE, Defendant prays that the Complaint be dismissed in its entirety, at Plaintiff's costs, with an award to Defendant of its attorneys' fees incurred in the defense of this matter.

        Respectfully submitted,

        FORDHARRISON LLP

        */s/ Corey L. Franklin*
        Corey L. Franklin, #52066
        Jamie M. Westbrook, #66055
        7777 Bonhomme Avenue, Suite 1800
        St. Louis, Missouri 63105
        (314) 257-0301 – *Phone*
        (314) 257-0325 – *Fax*
        cfranklin@fordharrison.com
        jwestbrook@fordharrison.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have on December 12, 2018, served a true and correct copy of the foregoing via the Court's e-filing system upon the following:

Richard A. Voytas, Jr., Esq.
Nathan E. Ross, Esq.
Ethan W. Gee, Esq.
Erika V. Dopuch, Esq.
Ross & Voytas, LLC
12444 Powerscourt Drive, Suite 370
St. Louis, MO 63131
rick@rossvoytas.com
nate@rossvoytas.com
ethan@rossvoytas.com
erika@rossvoytas.com

        */s/ Corey L. Franklin*

/kds